IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMMETT J. MANN,       Plaintiff | : : : | Civil Action No. 1:06-CV-1715 |
| v. | : : | (Chief Judge Kane) |
| JOHN S. BRENNER, DAVE REDSHAW, DON HOYT, ROBERT A. KINSLEY, MATT JACKSON, CITY OF YORK, YORK COLLEGE, REDEVELOPMENT AUTHORITY OF THE CITY OF YORK, STEVEN R. BUFFINGTON, OFFICER WENTZ,       Defendants | : : : : : : : : | |

## MEMORANDUM

Before the Court are three motions to dismiss under Rule 12(b)(6) and/or for a more definite statement under Rule 12(e) filed by Defendants Brenner, Redshaw, Hoyt, Jackson, City of York ("City"), Buffington, and Wentz (Doc. No. 14), Defendant York Redevelopment Authority ("RDA") (Doc. No. 16), and Defendants Kinsley and York College (Doc. No. 18). The motions have been fully briefed and are ripe for disposition.

**I.   BACKGROUND**

The following facts are assumed to be true for the purposes of the motions to dismiss. Plaintiff Emmett Mann owns certain unidentified real property in York, Pennsylvania. During 2004 and 2005, Plaintiff and York College discussed the possibility of York College purchasing the property; however, they were unable to agree on a sales price, and the negotiations fell through. At some point either during or after these sale discussions, Defendants, led by Defendants Brenner and Hoyt, decided to "use their badges of state authority to acquire [his] property in an unlawful manner thereby reducing the cost to private parties for political reasons."

One such private party was York College, which "sought to profit from the abuse of government authority through its political connections."

Apparently the City, the RDA, York College, and various named individuals[1] engaged in "policy and practice of harassment and intimidation" in their efforts to acquire Plaintiff's property at a reduced price. Defendants manipulated building codes and ordinance violations, brought improper (but otherwise unspecified) criminal charges against Plaintiff, attempted to devalue his property in untold ways, and retaliated against Plaintiff for "us[ing] legal process." For example, Defendants Redshaw and Jackson allegedly threatened, harassed, and intimidated Plaintiff by improperly applying building code and other ordinance violations. Defendants Buffington and Wentz allegedly brought "false and baseless criminal and code violation charges" against Plaintiff, and Defendant Wentz "unlawfully entered and searched the plaintiff's home and then carried away personal property items belonging to Plaintiff." Additionally, the City, through its incompetence, damaged Plaintiff's real property.

At some point, Plaintiff's property was declared by the City to be blighted, and the RDA commenced eminent domain proceedings to take the property. Apparently, Defendant Kinsley, a trustee of York College who, incidentally, does construction and demolition work, testified

---

[1] The Court notes that Plaintiff identified multiple Defendants by name only, not indicating their relationship to and employment by the City of York. In the complaint, Plaintiff states that Defendant Kinsley is a York College Board trustee who also does construction and demolition work. (Id. ¶ 10.) Plaintiff identifies Defendant Hoyt as an attorney for the RDA and a solicitor for the city (Compl. ¶ 11); Defendant Buffington as a "City of York official" and "building codes inspector" (id. ¶¶ 13, 26); and Defendant Wentz as an City of York police officer (id. ¶ 26). Although the complaint does not specify, the Court is aware that Defendant Brenner is the Mayor of the City of York. http://www.yorkcity.org/gov/mayor/bio.htm. The complaint does not explicitly set forth the status and employment of Defendants Redshaw and Jackson.

against the Plaintiff in the proceeding, which Plaintiff suggests was improper because Defendant Kinsley potentially had an interest in the outcome of the proceeding. Plaintiff vigorously opposed the taking of his property, but his preliminary objections to the taking were denied by the Court of Common Pleas of York County. (Dorney Opinion, Doc. No. 19, Exhibit A.)

From these allegations, Plaintiff appears to pursue five § 1983 claims and four state law claims. His constitutional claims are that Defendants: (1) maliciously prosecuted him in violation of the Fourth Amendment; (2) unlawfully searched his property and seized items of personal property in violation of the Fourth Amendment; (3) retaliated against him when he used "legal process" in violation of the First Amendment; (4) violated his right to procedural due process under the Fourteenth Amendment; and (5) violated his right to substantive due process under the Fourteenth Amendment. The state-law claims Plaintiff asserts are: (1) intentional infliction of emotional distress; (2) fraud; (3) civil conspiracy; and (4) malicious prosecution.

## II. STANDARD

### A. Motion to dismiss under Rule 12(b)

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint, Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993), and is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court, however, "need not credit a

complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). Rather, a court must only determine "whether the claimant is entitled to offer evidence to support the claims." Pennsylvania Psychiatric Soc. v. Green Spring Health Servs., Inc., 280 F.3d 278, 283 (3d Cir. 2002) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997)).

**III. DISCUSSION**

    **A. Fourth Amendment claims**

        *1. Malicious Prosecution*

Plaintiff contends that Defendant Buffington, "a City of York official, . . . used his powers to harass and intimidate the plaintiff through bringing false and baseless criminal and code violation charges." (Compl. ¶ 13.) Plaintiff alleges that Defendant Officer Wentz participated in the malicious prosecution efforts. (Id. ¶¶ 15, 30.) Plaintiff also claims that Defendants generally engaged in "unlawful manipulation of city codes and ordinances, and abuse of the criminal justice system. . ." and states that he "successfully defended himself against baseless criminal accusations . . . ." (Id. ¶¶ 1, 11.) At no point does Plaintiff identify the forum of these criminal proceedings or what charges were involved.

As a matter of law, these allegations fall short of what is required to state a viable § 1983 claim for malicious prosecution brought under the Fourth Amendment. As the Third Circuit has recently explained, a Plaintiff bringing a Fourth Amendment malicious prosecution claim must show that: "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff

4

suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, Nos. 05-5029 & 05-5139, --- F.3d ---, 2007 WL 465704, at *5 (3d Cir. Feb. 14, 2007); see also Backof v. New Jersey State Police, 92 F. App'x 852, 657-58 (3d. Cir. 2004) (setting forth the minimal essential elements of a malicious prosecution claim and upholding dismissal of claim where, inter alia, no deprivation of liberty was alleged).  At no time in his complaint does Plaintiff allege that he "suffered a deprivation of liberty consistent with the concept of a seizure."  Because Plaintiff has failed to allege all of the necessary elements, his malicious prosecution claim under the Fourth Amendment will be dismissed.

### 2.    *Unlawful search and seizure*

Plaintiff alleges that Defendant Wentz, a City of York police officer, "unlawfully entered and searched the plaintiff's home and then carried away personal property items belonging to Plaintiff in violation of plaintiff's rights."  (Compl. ¶¶ 15, 26); (see also id. ¶ 32) ("Wentz unlawfully searched and ransacked the plaintiff's property and carried away personal property belonging to the plaintiff you know [sic] lawful right or purpose in doing so").  To assert a claim under the Fourth Amendment, Plaintiff must show that the actions of Defendant Wentz constituted a "search" or "seizure" within the meaning of the Fourth Amendment and were "unreasonable" in light of the surrounding circumstances.  See, e.g., United States v. Sharpe, 470 U.S. 675, 682 (1985) ("The Fourth Amendment is not, of course, a guarantee against all searches and seizures, but only against unreasonable searches and seizures.") (emphasis in original). Construing the complaint's allegations in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor, Plaintiff has stated a claim against Defendant Wentz.  Plaintiff has asserted that Defendant Wentz, a York City police officer, entered Plaintiff's property

without authorization, conducted a search of the premises, and improperly removed from the premises items belonging to Plaintiff.

However, while Plaintiff's complaint may afford Defendant Wentz the notice required under Rule 8 of the Federal Rules of Civil Procedure, it does not contain the factual allegations necessary for him to assert a qualified immunity defense by, for example, demonstrating that his actions were reasonable under the circumstances. "[T]o provide government officials the protections afforded by qualified immunity," the Third Circuit has directed that a "district court must avail itself of the procedures available under the Federal Rules to facilitate an early resolution of the qualified immunity issue." Thomas v. Independence Twp., 463 F.3d 285, 289, 300 (3d Cir. 2006). Where a complaint does not lend itself to a meaningful qualified immunity analysis, it is within a district court's authority to order the plaintiff produce a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Id. at 289, 301; Fed. R. Civ. P. 12(e) (a more definite statement is appropriate where "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading"). Because Plaintiff's complaint fails to provide sufficient factual information about the search and seizure allegedly committed by Defendant Wentz, Plaintiff will be instructed to file an amended complaint containing a more definite statement. In crafting his more definite statement, Plaintiff should address – in specific, non-conclusory factual allegations – the circumstances known to him surrounding the allegedly unlawful search and seizure.

**B.     First Amendment claims**

Plaintiff alleges in his complaint that Defendants violated his right "under the 1st

Amendment to be free of retaliation for seeking redress of grievances." (Compl. ¶ 9.) He alleges generally that Defendant Hoyt retaliated against him "through his power and influence over the RDA and the City of York" because Plaintiff "used legal process to advance his interests and successfully defended himself against criminal accusations." (Id. ¶ 11.) He alleges that Defendants Buffington and Wentz violated his First Amendment rights – "more retaliation for seeking redress of grievances." (Id. ¶ 13); (see also id. ¶ 15) (Defendants Buffington and Wentz "retaliated against [Plaintiff] because he was opposing the other defendants in their efforts to take his property and also because he objected to certain unlawful actions undertaken . . . in an effort to intimidate [Plaintiff]"). Plaintiff contends York College, the RDA, and the City of York likewise violated Plaintiff's First Amendment rights. (Id. ¶ 14.)

In order to plead a retaliation claim under the First Amendment, a plaintiff must allege: (1) constitutionally protected conduct; (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) a causal link between the constitutionally protected conduct and the retaliatory action. Thomas, 463 F.3d at 296 (citing Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003)).

Defendants contend that Plaintiff has failed to state a First Amendment claim for retaliation. They state that "the Complaint appears to be devoid of any allegation that the Plaintiff actually engaged in any First Amendment protected activity," (Doc. Nos. 15, at 8; 17, at 8), and that Plaintiff has failed to "identify the retaliatory conduct that is allegedly 'sufficient to deter a person of ordinary firmness from exercising his First Amendment rights'" (Doc. No. 19, at 13-14). Plaintiff responds to these arguments by stating that his "protected activity was his right to litigate the condemnation matter free of created evidence (blight for example) achieved

through dishonest citations and criminal persecution" and arguing that his experience in the courts in the eminent domain proceeding "was an intimidating and harassing experience that rose to an egregious level." (Doc. No. 25, at 12.)

A review of Plaintiff's complaint leads to the conclusion that he has failed to state a First Amendment claim for retaliation. Plaintiff's references to using legal process and opposing the efforts to take his property does not sufficiently identify <u>what</u> he actually did or <u>when</u> he engaged in protected activity. Additionally, beyond making vague allegations of Defendants' harassment at unspecified times, the complaint does not meaningfully identify which Defendants engaged in retaliation, what the objectionable conduct was, or how it related temporally or otherwise to Plaintiff's protected activity. In short, Plaintiff's complaint does not put Defendants on notice which Defendant is included in his First Amendment claim or why. Accordingly, the Court will dismiss Plaintiff's claim that he was retaliated against for asserting his First Amendment rights.

      **C.**    **Fourteenth Amendment claims for procedural and substantive due process violations**

Plaintiff's complaint mentions his procedural due process rights only twice, both in reference to Defendants Hoyt and Kinsley. (Compl. ¶¶ 11, 12.) These passing references to procedural due process in the midst of Plaintiff's complaint leaves substantial uncertainty as to whether procedural due process claims are asserted against all Defendants and the way by which the individuals that are indicated allegedly violated Plaintiff's due process rights. Accordingly, the Court finds that Plaintiff has failed to state a claim that his procedural due process rights were violated.

Moreover, the Court questions whether Plaintiff would be able to assert such a claim.

8

Plaintiff must show that he was "deprived of a property interest because of . . . a denial of fair legal process" to state a procedural due process claim. Adams Parking Garage, Inc. v. City of Scranton, 33 F. App'x 28, 32 (3d Cir. 2002) (quoting Taylor Inv., Ltd. v. Upper Darby Twp., 983 F.2d 1285, 1290 (3d Cir. 1993)). The October 5, 2004, memorandum opinion of Judge Dorney reflects that Plaintiff was afforded legal process with respect to the taking of his property – he presented preliminary objections to the notice of taking, took depositions relating to those objections, and filed briefs in support of thereof, and then the Court of Common Pleas of York County ruled on these objections.[2] (Dorney Opinion, at 1-2, Doc. No. 19, Exhibit A).[3] Based on the allegations in the complaint and Judge Dorney's opinion, it would appear that Plaintiff received the legal process he was due.

Plaintiff also alleges that Defendants violated his Fourteenth Amendment substantive due process rights by seeking "to take and devalue his real property under color of state law and turn it over to a private entity" and by subjecting him to "outrageous and egregious actions . . . devoid of any reasonable state purpose." (Compl. ¶ 7); (see also id. at ¶ 11, 31) (mentioning "plaintiff's rights not to be deprived of his property without due process of law, a substantive due process right," and his right to "own land and the fixtures thereon free of arbitrary and capricious actions

---

[2] In fact, a review of Judge Dorney's opinion indicates that the common pleas court considered – and rejected – various claims by Plaintiff that the RDA had not complied with the procedures set forth in Pennsylvania's Urban Redevelopment Law, 35 P.S. § 1701 et seq. (Dorney Opinion, at 6-10) (refusing to consider "blight" under 35 P.S. § 1721.1(c)(3) because to do so would violate Plaintiff's due process rights; rejecting Plaintiff's arguments regarding improper certification of blight; finding that the "owner" of the properties was properly notified of the proceedings).

[3] Judge Dorney's opinion was attached Defendants' motions to dismiss. This is a public record, known to the parties, and properly relied upon by the Court in its discussion of this motion.

of the state to deprive him of his property"). Once again, Plaintiff fails to identify which Defendants are included in his substantive due process claim and how each of these Defendants allegedly violated his substantive due process rights. Because Plaintiff's complaint – full of broad and conclusory allegations – fails to place Defendants on notice how their conduct has allegedly violated his substantive due process rights, the Court will dismiss his substantive due process claim.

### D. State law claims

In addition to his constitutional claims, Plaintiff asserts the state-law claims of intentional infliction of emotional distress, fraud, civil conspiracy, and malicious prosecution. Only Defendants Kinsley and York College addressed Plaintiff's first three tort claims – intentional infliction of emotional distress, fraud, and civil conspiracy. Plaintiff did not respond to, and is deemed to not oppose, Defendants Kinsley and York College's arguments related to intentional infliction of emotional distress or fraud. See Local Rule 7.6 ("Any respondent who fails to comply with this rule shall be deemed not to oppose such motion."); Local Rule 7.8 ("If counter statements of facts or questions involved are not filed, the statements of the moving party will be deemed adopted.") Nevertheless, the Court will briefly consider the merits of Defendants Kinsley and York College's arguments.

#### 1. Intentional infliction of emotional distress

Defendants Kinsley and York College contend that Plaintiff's complaint for intentional infliction of emotion distress must fail because he does not allege physical injury. See Hart v. O'Malley, 647 A.2d 542, 554 (Pa. Super. Ct. 1994) ("[I]t is clear that in Pennsylvania, in order to state a claim under which relief can be granted for the tort of intentional infliction of

emotional distress, the plaintiffs must allege physical injury."); see also Reeves v. Middletown Athletic Ass'n, 866 A.2d 1115, 1121 (Pa. Super. Ct. 2004) (reiterating the requirement that "plaintiff must suffer some type of resulting physical harm" to assert a claim for intentional infliction of emotional distress). Plaintiff notes in his complaint that he had been severely injured in two automobile accidents that left him with permanent neurological and other damage and that he was "prone to severe pain and injury through aggravation and harassment." (Compl. ¶¶ 4, 34.) Plaintiff does not, however, allege that the actions of Defendants caused him physical injury or an aggravation of his existing physical injuries. Accordingly, Plaintiff's complaint for intentional infliction of emotional distress will be dismissed.

    2.  *Fraud*

  Plaintiff's fraud claim appears to be asserted against only Defendants Hoyt and Kinsley: "Hoyt also violated plaintiff's rights under Pennsylvania tort law . . . fraud . . ." and Kinsley "additionally violated Emmett Mann's rights under Pennsylvania tort law, more specifically . . . fraud." (Compl. ¶¶ 11-12); (see also id. ¶ 7) (generally alleging that "fraud is not a reasonable state purpose"). Initially, the Court notes that these passing references to fraud fall short of pleading the claim with "particularity" as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 9(b) ("In all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity.") In fact, the complaint fails to state a claim for fraud altogether. Under Pennsylvania law, the essential elements of fraud are: "(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused

by the reliance." Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994). Plaintiff's complaint does not allege these essential elements and does not give adequate notice to Defendants what conduct is at issue and how it amounted to fraud. Accordingly, Plaintiff's claim for fraud will be dismissed.

### *3. Civil conspiracy*

To adequately state a claim for civil conspiracy under Pennsylvania law, Plaintiff must allege facts that demonstrate: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means, (2) an overt act in furtherance of the common purpose, and (3) actual legal damage. McGuire v. Shubert, 722 A.2d 1087, 1092 (Pa. Super. Ct. 1998). Additionally, proof of malice is an essential part of a civil conspiracy claim. Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 472 (Pa. 1979).

Plaintiff's complaint leaves the reader with no doubt that, in his mind, a conspiracy was afoot. Defendants Kinsley and York College contend that Plaintiff has failed to adequately address a critical element of a conspiracy claim: that they entered into an agreement with other Defendants to commit an unlawful act or commit a lawful act by unlawful means. (Kinsley and York College's Brief in Support, Doc. No. 19, at 13) ("Plaintiff has not alleged York College or Kinsley agreed to do anything, let alone deprive" Plaintiff of his rights). In response, Plaintiff states:

> The defendants also argue there was no conspiracy. It is impossible to take that position on the facts. Kinsley worked for York College. He was also in a position to profit from the City's position on contracts. He sat on the board of York College. And he also produced the expert testimony that was used to beat the plaintiff down. Plaintiff was outgunned and outmanned and out moneyed.

(Pl. Brief in Opp'n, Doc. No. 21, at 9).

Accepting all allegations in Plaintiff's complaint as true and drawing all reasonable

inferences in Plaintiff's favor, the Court finds that Plaintiff has failed to state a claim that Defendants Kinsley and York College – or any of the Defendants, for that matter – entered into an agreement to commit an unlawful act or to commit a lawful act by unlawful means. Accordingly, Plaintiff's claim for a civil conspiracy will be dismissed.

## IV.   CONCLUSION

With the exception of his Fourth Amendment claim for unlawful search and seizure, all of Plaintiff's constitutional claims will be dismissed without prejudice for failure to state a claim. Plaintiff's state-law claims for intentional infliction of emotional distress, fraud, and civil conspiracy will be dismissed without prejudice.[4]  Plaintiff will be directed to file a more definite statement, as discussed above, relating to the allegedly unlawful search and seizure committed by Defendant Wentz.

Should Plaintiff choose to amend his complaint to reassert any of his constitutional claims, the Court recommends that Plaintiff identify which Defendants are state actors and how, if at all, the private individuals and entities are subject to § 1983 liability.[5]  Moreover, Plaintiff

---

[4] The court notes that Plaintiff's state-law claim for malicious prosecution was not addressed by the parties.

[5] Section 1983 liability can be extended to a private actor who works with or conspires with a state actor to deprive someone of a constitutionally protected right. E.g. Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 152 (1970)); see also Tower v. Glover, 467 U.S. 914 (1984)). A mere allegation of conspiracy is generally insufficient to pass a motion to dismiss; the complainant must allege particularized facts, "such as those addressing the period of the conspiracy, the object of the conspiracy, and certain actions of the alleged conspirators taken to achieve that purpose . . . ." Kalamanovitz v. Heileman Brewing Co., 595 F. Supp. 1385, 1401 (D. Del. 1984), aff'd, 769 F.2d 152 (3d Cir. 1985); see also Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989) (explaining, in the context of a RICO claim, that under Rule 8 "allegations must be sufficient to 'describe the general composition of the conspiracy, some or all of its broad objectives, and the defendant's general role in the conspiracy'") (citation omitted).

would be well-advised to set forth the actions of each individual Defendant, rather than attributing conduct to "Defendants" generally, and to link more clearly each Defendant to the causes of action asserted against him.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EMMETT J. MANN, | : | |
|     Plaintiff | : | Civil Action No. 1:06-CV-1715 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| JOHN S. BRENNER, DAVE | : | |
| REDSHAW, DON HOYT, ROBERT A. | : | |
| KINSLEY, MATT JACKSON, CITY | : | |
| OF YORK, YORK COLLEGE, | : | |
| REDEVELOPMENT AUTHORITY | : | |
| OF THE CITY OF YORK, STEVEN R. | : | |
| BUFFINGTON, OFFICER WENTZ, | : | |
|     Defendants | : | |

### ORDER

**AND NOW**, this 13th day of March, 2007, upon consideration of Defendants' motions to dismiss and/or for a more definite statement (Doc. Nos. 14, 16, & 18), filed in the above-captioned matter, and for the reasons set forth in this Court's Memorandum Opinion filed herewith, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's § 1983 claim for malicious prosecution in violation of the Fourth Amendment is **dismissed** without prejudice;

2. Plaintiff's § 1983 claim that Defendant Wentz violated the Fourth Amendment by unlawfully searching his property and seizing items of personal property is **not dismissed**. As discussed in the accompanying Memorandum, Plaintiff is **directed** to file an amended complaint containing a more definite statement of facts relating to this claim within ten (10) days of the issuance of this Order.

3. Plaintiff's § 1983 claim that Defendants retaliated against him for exercising his First Amendment rights is **dismissed** without prejudice;

4. Plaintiff's § 1983 claims that Defendants violated his procedural and substantive

due process rights are **dismissed** without prejudice;

5. Plaintiff's claim for intentional infliction of emotional distress is **dismissed** without prejudice;

6. Plaintiff's claim for fraud under Pennsylvania law is **dismissed** without prejudice;

7. Plaintiff's claim for civil conspiracy under Pennsylvania law is **dismissed** without prejudice.

**IT IS FURTHER ORDERED** that the Case Management Conference scheduled for March 14, 2007, is **CANCELLED**. The Court will reschedule the case management conference after receiving Plaintiff's more definite statement.

 s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania